

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# West v. Hudson Cty Corr Ctr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2523

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"West v. Hudson Cty Corr Ctr" (2007). *2007 Decisions*. Paper 1194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-178                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2523
_____

PATRICIA WEST; ANTOINETTE HILL;
SITINA MOORE-PERRY; LAVARA LADSON;
JUVONDA JACKSON; PAULA CAMPBELL-HAMPTON;
YVONNE COLEMAN, for themselves and all others similarly situated

v.

HUDSON COUNTY CORRECTIONAL CENTER

Patricia West,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 01-cv-03082)
District Judge: Honorable Judge John C. Lifland

_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
March 29, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed April 27, 2007)
_____

OPINION
_____

PER CURIAM

Patricia West appeals <u>pro se</u> from an order of the United States District Court for

the District of New Jersey granting summary judgment against her and six co-plaintiffs in their employment discrimination suit.[1]  For the reasons set forth below, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

West, who is African-American, was employed as a corrections officer for Hudson County, New Jersey.  West and her co-plaintiffs brought the underlying action alleging that defendant Hudson County Correctional Center maintained "a pattern of discrimination in employment" on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), New Jersey's Constitution, and New Jersey's Law Against  Discrimination.  The amended complaint filed by West and her co-plaintiffs also alleges that defendant engaged in the "negligent, reckless, and intentional infliction of severe emotional distress" and breached "the implied contract of good faith and fair dealing."  Defendant filed a motion for summary judgment against all plaintiffs. West, who proceeded pro se after plaintiffs' attorney filed a motion to withdraw as her counsel, did not file any opposing briefs.  Additionally, other than affidavits from plaintiffs Hill and Jackson, and a two-page affidavit from Sergeant Anthony Crawford, West and her co-plaintiffs did not take any depositions or offer anything into the record.  The District Court granted defendant's motion for summary judgment, holding that West had failed to demonstrate the existence of a genuine issue of material fact with respect to each of her

---

[1]  We note that only the appeal of appellant West is before the Court as her co-plaintiffs did not file notices of appeal from the District Court's entry of judgment.  We will thus limit our discussion and analysis accordingly.

claims.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). To defeat a motion for summary judgment, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994). Because West has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed pursuant to § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our close review of the District Court record reveals no basis on which West could withstand defendant's motion for summary judgment.

With respect to the Title VII claims, the District Court properly concluded that as an African-American female, West satisfied the first element of a prima facie case under the "pretext" framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). However, she failed to satisfy the next three elements with respect to the allegations that defendant engaged in racial discrimination in job training and

3

assignments. As noted by the District Court, the mere fact that job assignments are discretionary does not equate to a prima facie case of discrimination. We agree with the District Court that the statements set forth in the Crawford affidavit were merely general, conclusory statements about discrimination, devoid of specific facts and possibly even temporally inapplicable to West whose employment was terminated in November of 2001. Moreover, aside from the issue of whether West can establish that the alleged adverse job assignment legally constitutes an "adverse employment action," see Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997), there was simply no evidence presented which would establish that any job assignment "occurred under circumstances that raise an inference of unlawful discrimination." Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). See also E.E.O.C. v. Metal Service Co., 892 F.2d 341, 348 (3d Cir. 1990). West likewise failed to build any type of record to defeat defendant's motion for summary judgment with respect to training opportunities offered through the Emergency Response Team or the Method of Instruction training.

West's allegation that defendant discriminated against her on the basis of race and sex in the area of promotion opportunities fares no better. All parties agreed that to be eligible for a promotion at the Hudson County Correctional Center, an employee must work at the facility for a specified number of years as a corrections officer and pass the Civil Service Test. Employees are then ranked based on their test scores and "other factors," and are promoted accordingly. Unfortunately for West who was ranked 56th

4

after she passed the test in 1995, she did not receive a promotion before the ranking list expired in 2000 and she subsequently failed the 1999 Civil Service Test. Given the objective criterion used by defendant in awarding promotions, i.e., the Civil Service Test results, and West's failure to present prima facie evidence of discrimination with respect to training opportunities, she failed to raise an inference of discrimination with respect to the issue of promotion. See id.

To the extent that West sought to challenge her termination on the basis of discriminatory or retaliatory intent, the District Court was correct to dispose of this claim with little discussion. As the District Court concluded, West could not establish a prima facie case of retaliatory firing based on her erroneous subjective belief that she was excused from working mandatory overtime, or on the fact that she filed a complaint against a white supervisor four years prior to her termination. See Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 323 (3d Cir. 2000). Similarly, no extensive analysis was required in order for the District Court to properly dispose of West's allegation that defendant discriminated against her with respect to the issues of transfers and discipline given appellant's failure to create any record whatsoever regarding these employment actions.

The District Court was likewise correct in its disposition of West's state law claims. West's failure to establish a prima facie case of discrimination under Title VII proved fatal to her causes of action under New Jersey's Constitution and the state's Law

5

Against Discrimination.  See El-Sioufi v. St. Peter's University Hosp., 887 A.2d 1170, 1182 (N.J.Super.A.D. 2005) ("Our Supreme Court has adopted the three-step burden-shifting analysis first developed by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), as the method for analyzing LAD claims.)(citations omitted).  Additionally, with no argument being offered by appellant and a record lacking any evidence that West suffered severe emotional distress or that defendant's conduct was extreme and outrageous, the District Court had little choice but to award summary judgment in favor of defendant on the claim that defendant's actions amounted to the "negligent, reckless and intentional infliction of severe emotional distress."  See, e.g., Decker v. Princeton Packet, Inc., 561 A.2d 1122, 1128 (N.J. 1989).  Finally, summary judgment in defendant's favor regarding its alleged breach of the covenant of good faith and fair dealing was appropriate for substantially the same reasons, i.e., the complete absence of any evidence or legal argument related to this claim.

As the District Court's judgment was clearly correct, West had no arguable legal basis upon which to appeal.  Accordingly, her appeal is dismissed pursuant to § 1915(e)(2)(B).